## Commonwealth v. Miller

*Joseph Massa* and *Joseph Atomare*, for defendant.

S. W. *Bonavito*, District Attorney, for Commonwealth.

WOLFE, P. J., September 16, 1974.—Defendant was sentenced to a minimum of two and one-half years to a maximum of five years following his nonjury trial and conviction of theft and incest. Defendant also entered a plea of guilty on a charge of resisting arrest. All sentences were directed to run concurrently. Subsequently, without taking an appeal, defendant petitioned under the Post Conviction Hearing Act for relief, alleging:

1. That there was introduced into evidence a statement obtained in the absence of counsel at a time when representation is constitutionally required.

2. The denial of his constitutional right to be represented by competent counsel.

3. The denial of his right of appeal.

The court held an evidentiary hearing on this petition and by its order of July 5, 1974, denied the relief requested but granted the right of appeal, as the court was of the opinion an appeal should be perfected by defendant if he so desired and directed post-conviction-appointed counsel to file post-trial motions, which counsel has done and has reargued the same complaints that the court heard on the post-conviction hearing.

We have carefully considered counsel's argument, and in light thereof have again reviewed the record and conclude in the interest of justice a new trial must be granted. This decision is based on the argument that there was introduced into evidence a statement obtained in the absence of counsel when counsel was required to be present. Defendant was originally arrested on a charge of theft and resisting

arrest and while he was incarcerated on these charges was charged with incest with his daughter. The court denied appointment of counsel on the first two charges because his application indicated he had sufficient assets to hire private counsel; however, when defendant came before the court on arraignment on the charge of incest, the Public Defender was appointed to represent him.

At the post-conviction hearing, the record establishes that while defendant was incarcerated he was interrogated by a deputy sheriff concerning the incest charge and defendant acknowledged he was granted his constitutional rights prior to any interrogation and elected to remain silent. At this same time, defendant was asked if he would take a polygraph examination and he consented to do so, and the deputy sheriff suggested he again apply for the Public Defender on the incest charge, but defendant was of the opinion he would be turned down because of the prior denial. Following this, the test was administered and thereafter defendant was again interrogated by the polygraph examiner in the presence of the deputy sheriff and made inculpatory statements which the deputy testified to at the time of defendant's nonjury trial.

It was the court's opinion that the confession was admissable at time of trial because the Public Defender was aware of the incriminating statements and elected not to file a motion to suppress the confession and, therefore, the court concluded defendant waived any objection to its admission. Indeed, no objection was made of the deputy's testimony reciting the confession at the time of trial. Although we may still find that there was a valid waiver of defendant's right to remain silent, understandingly and voluntarily made by defendant while

represented by counsel, we think all doubt should be removed.

The law is clear that if an individual is given the Miranda warnings and responds that he wishes to exercise any of those rights, all interrogation must cease: Commonwealth v. Nathan, 445 Pa. 470, 285 A. 2d 175 (1971); Commonwealth v. DuVal, 453 Pa. 205, 220, 307 A. 2d 229, 236 (1973); Commonwealth v. Youngblood, 453 Pa. 225, 232, 307 A. 2d 922, 926 (1973).

In Commonwealth v. Alston, 456 Pa. 128 (1974), the court held that it is fundamental that suppression must be granted if evidence is obtained from the results of an interrogation which overbore the will of the defendant: Culombe v. Connecticut, 367 U. S. 568 (1961); Commonwealth ex rel. Butler v. Rundle, 429 Pa. 141, 239 A. 2d 426 (1968), and cases therein cited. In Alston, the court stated there is no single litmus-paper test to determine constitutionally impermissible interrogation but the ultimate test for voluntariness is whether a confession is a product of an essentially free and unconstrained choice by its maker. A confession may be involuntary because of psychological coercion and to determine this the elements impinging upon defendant's will must be considered such as:

"THE DURATION, AND THE METHODS OF INTERROGATION; the conditions of detention, the manifest attitude of the police towards the defendant, the defendant's physical and psychological state and all other conditions present which may serve to drain one's powers of resistance to suggestion and undermine his self-determination. . . [W]hen the question of voluntariness passes beyond the realm of physical coercion and into degrees of psychological coercion, most careful attention will be afforded to any facts,

circumstances or events tending to overbear the will of the accused": 456 Pa. at page 134.

In the instant case, defendant was interrogated after having been given a polygraph examination, which test was given after he stated he desired to remain silent. This was error. We are of the opinion that this error was not corrected by trial counsel's failure to move for suppression even though he was aware of the examination and confession, because such error is of such a fundamental nature as to deprive defendant of his constitutional rights.

Because of our holding on this issue, other issues will not need to be considered and we enter the following order:

## ORDER

*And now,* to-wit, September 16, 1974 defendant's motion for a new trial is granted and the Commonwealth is directed to set the case down for trial commencing October 15, 1974.

Exceptions to the Commonwealth.