340 A.2d 433

COMMONWEALTH of Pennsylvania

v.

**Melvin H. RITTER, Jr., Appellant.**

Supreme Court of Pennsylvania.

Argued May 6, 1975.

Decided July 7, 1975.

Allen H. Smith, York, for appellant.

Donald L. Reihart, Dist. Atty., York, Sheryl A. Dorney, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, Melvin H. Ritter, Jr., was tried by a judge and jury and found guilty of two counts of voluntary manslaughter. Post-trial motions were denied and appellant was sentenced to two concurrent terms of six to twelve years' imprisonment. This appeal followed.

The facts surrounding this appeal are as follows. On November 17, 1972, at approximately 6:00 a.m., a fire broke out in a four-story apartment building at 15 South West Street in the City of York, Pennsylvania. As a result of this fire, two residents in the apartment building were killed. An investigation of the fire revealed that it had been the result of arson and that appellant, also a resident in the building, confessed to Pennsylvania State Police that he had started the fire by setting fire to boxes in a closet within the apartment building. Based on certain other evidence, appellant was tried and convicted of two counts of voluntary manslaughter.

Appellant argues that his confession should have been suppressed as not being voluntary because of his mental and physical condition at the time it was given. We agree. Appellant was arrested by officers of the Pennsylvania State Police on November 21, 1972, and arrived at police headquarters around midnight on the evening of the 21st of November. At that time, he was given his constitutional rights and he subsequently confessed to the arson. Based on the testimony of Officer Soprano, who conducted the interrogation of appellant, we are of the opinion that appellant's confession was not voluntarily given. Officer Soprano, testifying at appellant's suppression hearing, stated that after he initially spoke with appellant, he decided that appellant had a psychiatric problem and, in fact, tried to reach a psychiatrist prior to questioning appellant. In addition, the officer stated

that during the course of the interrogation, appellant was whimpering, sobbing and "really looked tired." Moreover, the officer stated that appellant had not slept for three days prior to his interrogation, which occurred from 12:00 midnight to 3:00 a.m. on the morning of the 22nd of November, 1972.

In *Commonwealth v. Alston*, 456 Pa. 128, 317 A.2d 241 (1974), this Court stated the following test for determining whether a confession is voluntary:

"While there is of course no single litmus-paper test for determining constitutionally impermissible interrogation, we have long recognized that the ultimate test for voluntariness is whether the confession is the product of an essentially free and unconstrained choice by its maker. 'If it is, if he has willed to confess, it may be used against him. If it is not, if his will has been overborne and his capacity for selfdetermination critically impaired, the use of his confession offends due process. *Rogers v. Richmond*, 365 U.S. 534, 81 S.Ct. 735, 5 L.Ed.2d 760. The line of distinction is that at which governing self-direction is lost and compulsion, of whatever nature or however infused, propels or helps to propel the confession.' *Culombe v. Connecticut*, [367 U.S. 568] at 602, 81 S.Ct. 1860, 6 L.Ed.2d 1037 (1961); see also, *Commonwealth ex rel. Butler v. Rundle*, [429 Pa. 141] at 149, 239 A.2d 426, at 430 (1968); *Commonwealth v. Eiland*, [450 Pa. 566] at 574, 301 A.2d 651, at 654 (1973); *Commonwealth v. Riggins*, [451 Pa. 519] at 524, 304 A.2d 473, at 476 (1973); *Commonwealth v. Banks*, 454 Pa. 401, 407. 311 A.2d 576, 579 (1973)." At page 131, 317 A.2d at page 243.

In the facts of the instant case, appellant's will was not overborne by direct police conduct during the interrogation. However, the testimony of the interrogating officer himself established that appellant was in no condition to knowingly and voluntarily confess to a crime,

since appellant was, in the officer's own opinion, in dire need of psychiatric help and exhausted. The officer testified at the suppression hearing as follows:

"Q. When you were talking to this defendant, what was his actions like what was his conduct; like describe him for us?

"A. Sometimes he was normal, sometimes very nervous upset, tired.

"Q. Did he tell you how he hadn't slept?

"A. I think a couple of days.

"Q. Did he appear exhausted?

"A. Yes.

 \*   \*   \*   \*   \*   \*   \*   \*   \*

"Q. This defendant, was he crying during the course when you talked to him?

"A. Sometimes.

"Q. Was he whimpering?

"A. Yes.

"Q. You felt he had a problem, didn't you?

"A. Yes.

"Q. You felt this man really needed psychiatric help?

"A. Yes.

"Q. This is why you called Mr. Nixdorff?

"A. Yes."

Under these facts, we are of the opinion that the mental and physical condition of appellant, which was known to the interrogating officer at the time appellant gave his confession, clearly evidenced that appellant was in no condition to knowingly and intelligently waive his *Miranda* warnings and thereafter confess to the police.

Judgment of sentence reversed. Case remanded for proceedings consistent with this opinion.

NIX and MANDERINO, JJ., took no part in the consideration or decision of this case.