359 A.2d 386
**COMMONWEALTH of Pennsylvania**
v.
**Thomas William MOORE, Appellant.**

Supreme Court of Pennsylvania.

Argued Jan. 16, 1976.

Decided July 6, 1976.

Edward G. Rendell, Philadelphia, for appellant.

F. Emmett Fitzpatrick, Dist. Atty., Steven H. Goldblatt, Asst. Dist. Atty., Chief, Appeals Div., Deborah E. Glass, Philadelphia, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION

PER CURIAM.

Judgment of sentence affirmed.

MANDERINO, J., filed a dissenting opinion in which ROBERTS, J., joins.

MANDERINO, Justice (dissenting).

I cannot agree with the majority's determination that appellant's confession was "the product of an essentially free and unconstrained choice". *Commonwealth v. Alston,* 456 Pa. 128, 131, 317 A.2d 241, 243 (1974). This Court has previously held that a confession can be rendered involuntary not necessarily as a result of over-

bearing police conduct but rather by an appellant's own condition. *Commonwealth v. Ritter*, 462 Pa. 214, 340 A. 2d 433 (1975). In *Ritter*, a confession was held to be involuntary in that the "appellant was in no condition to knowingly and voluntarily confess . . . [since he was] . . . in dire need of psychiatric help and exhausted." 340 A.2d at 434. In this case, the evidence reveals that appellant was in great pain when he was questioned by the police and that less than an hour later he was unable to respond to a doctor's attempts to communicate with him. In fact the doctor testified that appellant did not respond to the sewing of appellant's wound which indicated the presence of overriding and significant pain.

I must dissent from the majority's opinion. It is clear from the facts that appellant's will was overcome by his physical condition. Therefore, it cannot be said that appellant voluntarily gave the statement or voluntarily waived his *Miranda* rights.

ROBERTS, J., joins in this dissenting opinion.