383 A.2d 882

**COMMONWEALTH of Pennsylvania**

v.

**Thomas HUGHES, Appellant (two cases).**

Supreme Court of Pennsylvania.

Submitted Jan. 14, 1977.

Decided March 23, 1978.

Anthony F. List, Media, for appellant.

Ralph B. D'Iorio, Asst. Dist. Atty., Chief, Appeals Div., Vram Nedurian, Jr., Asst. Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

In 1974, appellant was indicted on charges involving a robbery-murder in a bar in Chester. Appellant's motion to suppress a statement given the police was denied, and he was convicted by a jury of murder of the first degree, aggravated assault, robbery and conspiracy. Following denial of post-verdict motions, the court imposed concurrent sentences of life imprisonment for murder and

ten to twenty years for robbery, and suspended sentence on the other charges. Appellant contends that the statement was not voluntarily given and that certain comments of the prosecutor and Commonwealth witnesses were prejudicial, depriving him of a fair trial. We affirm.[1]

## I

On January 19, 1974, officers of the Chester Police Department swore out a complaint, based upon the statement of an alleged co-conspirator, charging appellant with murder. The police also obtained a warrant for appellant's arrest. Shortly thereafter, the police arrested appellant at Broadmeadows Prison and advised him of his rights. According to police testimony, appellant, in response to the question whether he desired counsel, replied that "he didn't know right then." The officers did not continue questioning appellant, stating that they would "talk to him" when they "got down to the police station."

The officers and appellant arrived at the police station within half an hour. The police read appellant a form setting out, on a single page, "Your Rights," and "Waiver of Rights." Appellant signed this form, on which was printed: "I do not want a lawyer at this time." Appellant was then confronted with his alleged co-conspirator and that person's statement incriminating appellant. Appellant read the statement, responding, "I didn't shoot anybody." A police officer testified that appellant's next words were that "he

1. We hear this appeal from the judgment of sentence on the conviction of murder of the first degree pursuant to the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(1), 17 P.S. § 211.202(1) (Supp.1977). Failure of the Commonwealth to object to jurisdiction of the Court over the appeal from judgment of sentence on the conviction of robbery perfects our jurisdiction under the Act, art. V, § 503(a), 17 P.S. § 211.503(a). *Commonwealth v. White,* 476 Pa. 350, 382 A.2d 1205 (1978); *Commonwealth v. London,* 461 Pa. 566, 337 A.2d 549 (1975).

 Although appellant has not challenged the sufficiency of the evidence to support the verdict of guilty of murder of the first degree, we have an independent obligation to examine the evidence for sufficiency. Act of February 15, 1870, P.L. 15, § 2, 19 P.S. § 1187 (1964). We find the evidence sufficient to support the verdict.

was not going to make a statement until he could talk to his mother."

Appellant telephoned his mother. When she and appellant's brother arrived, she conferred with three police officers in the office of the police Captain. Appellant's mother testified that one of the officers, whom she had known for several years, said they had picked up her son for murder, but that it was not serious because her son remained in the car, had not gone inside the bar and had become very upset when the others returned and reported the killing. This police officer, however, denied making such a statement to appellant's mother.

Following this conference, appellant talked privately with his mother and brother. His mother told him to do "whatever the police asked." Without additional warnings, appellant then gave the police an oral statement, admitting participation in the robbery and presence in the bar but denying he held or used a gun. A tape recorded version of the statement was then made. At that time, after once more informing appellant of his rights, the police obtained a written version of the statement. At trial, the Commonwealth, over objection, introduced into evidence the written statement.

Appellant argues that this statement was not voluntarily given because he did not waive his right to assistance of counsel. The interrogation took place after a complaint was sworn before a magistrate, an arrest warrant issued and appellant taken into custody. Thus, "judicial proceedings had been initiated" against appellant, see *Brewer v. Williams*, 430 U.S. 387, 399, 97 S.Ct. 1232, 1239, 51 L.Ed.2d 424 (1977), and appellant was entitled under the Sixth Amendment to the United States Constitution to assistance of counsel. *Commonwealth v. Richman*, 458 Pa. 167, 320 A.2d 351 (1974); *Commonwealth v. Whiting*, 439 Pa. 205, 266 A.2d 738 (1970).

Appellant signed a form waiving counsel soon after arriving at the police station. Waiver of a constitutional

right, however, does not rest on a mere form of words. The waiver must be made knowingly, voluntarily and intelligently. *Commonwealth v. Bullard*, 465 Pa. 341, 350 A.2d 797 (1976); *Commonwealth v. Goodwin*, 460 Pa. 516, 333 A.2d 892 (1975). The burden of proving by a preponderance of the evidence that a waiver of a constitutional right was knowing, voluntary and intelligent rests upon the Commonwealth. *Commonwealth v. Bullard*, supra; *Commonwealth v. Goodwin*, supra; *Commonwealth v. Fogan*, 449 Pa. 552, 296 A.2d 755 (1972). To determine whether a waiver is valid, a court must consider all the circumstances, including the duration and methods of interrogation, conditions of detention, attitude displayed by the police towards the defendant, the physical and psychological state of the defendant and all other conditions bearing on whether the defendant's will was overborne. *Commonwealth v. Kichline*, 468 Pa. 265, 361 A.2d 282 (1976); *Commonwealth v. Goodwin*, supra; *Commonwealth v. Alston*, 456 Pa. 128, 317 A.2d 241 (1974).

■ The suppression court determined that appellant's waiver of counsel was voluntary. This Court, reviewing that determination, may consider only the evidence of the Commonwealth and so much of the evidence of the defense as fairly read in the context of the record remains uncontradicted. *Commonwealth v. Brown*, 473 Pa. 562, 375 A.2d 1260 (1977); *Commonwealth v. Kichline*, supra; *Commonwealth v. Johnson*, 467 Pa. 146, 354 A.2d 886 (1976).

■ Upon arrest and at the police station, the police warned appellant of his rights, but appellant declined to request counsel. Less than two hours after arrival at the police station, the police again warned appellant. He again indicated he did not wish an attorney and gave the statement. He never asked for counsel or requested that interrogation be deferred until he received assistance of counsel. See *Commonwealth v. Bullard*, supra. Instead, he asked for the assistance of his mother, who advised him to cooperate. In these circumstances, appellant knowingly and voluntarily waived his right to counsel. See *Commonwealth v. Good-*

*win, supra; Commonwealth v. Alston,* supra (effective waiver where accused was afforded full opportunity to confer with mother before giving inculpatory statement).

■ Appellant also contends that the statement was not voluntary because his will was overborne. Appellant was fully advised of the nature of the charges against him. He was then twenty-four years old, had completed the tenth grade and was not under the influence of drugs or alcohol when he gave his statement within three hours of arrest. The police refrained from questioning him, as requested, until he had spoken with his mother, with whom he conferred for twenty minutes. Accordingly, appellant's contention is without merit. See *Commonwealth v. Kichline,* supra; *Commonwealth v. Goodwin,* supra; *Commonwealth v. Alston,* supra. Appellant alleges that the police misled his mother concerning the seriousness of his participation in the crime, and that this alleged deception rendered his decision involuntary. The suppression court, however, found that the police did not employ "threats, tricks, artifice or coercion" to extract the statement. This finding, supported by the record, must be respected. *Commonwealth v. Kichline,* supra; *Commonwealth v. Johnson,* supra; *Commonwealth v. Goodwin,* supra.

## II

At trial, the prosecutor informed the jury that the Commonwealth would prove that appellant had remarked during the robbery, "Kill the white mother fucker." Appellant argues that this comment was so prejudicial that he was deprived of a fair trial.

■ A district attorney's remarks in his opening statement must be fair deductions from the evidence the Commonwealth in good faith expects to develop, not merely assertions intended to inflame the passions of the jury. *Commonwealth v. Farquharson,* 467 Pa. 50, 354 A.2d 545 (1976); *Commonwealth v. Russell,* 459 Pa. 1, 326 A.2d 303 (1974); *Commonwealth v. Fairbanks,* 453 Pa. 90, 306 A.2d

866 (1973); see ABA Project on Standards for Criminal Justice, Standards Relating to The Prosecution Function and The Defense Function, The Prosecution Function, § 5.5 (Approved Draft, 1971); cf. *Commonwealth v. Gilman*, 470 Pa. 179, 368 A.2d 253 (1977) (closing statement); *Commonwealth v. Goosby*, 450 Pa. 609, 301 A.2d 673 (1973) (same). Here, several Commonwealth witnesses testified that two men entered the bar. One of them held a shotgun while the other, stationing himself behind the bar, apparently was unarmed. According to the witnesses, the unarmed man behind the bar yelled, "Kill the white mother fucker," just before the victim was shot. Although none of the witnesses could identify appellant, appellant in his statement to the police placed himself behind the bar and asserted that the other robber had the gun.

 The probative value of this evidence, demonstrating appellant's intent and participation in the crime, outweighed any prejudice to appellant. Thus, the prosecutor's comment was supported by competent evidence and was not announced simply to inflame the passions of the jury. Accordingly, neither the prosecutor's comment nor introduction of the supporting evidence denied appellant a fair trial. Compare *Commonwealth v. Farquharson*, supra (prosecutor's comment proper where supported by competent evidence) with *Commonwealth v. Fairbanks*, supra (comment improper where supported only by evidence prosecutor must have known was hearsay).[2]

2. Because the prosecutor's opening statement was not transcribed, we do not know his precise words. Appellant objected to the opening statement at its conclusion, charging that the prosecutor had commented that the evidence would show that appellant had said, "Kill the white mother fucker." The district attorney neither at that time nor on this appeal has taken issue with the accuracy of appellant's version of the remark. When argument is not recorded, objections should be entered during the argument rather than at its conclusion. Nonetheless, here we are able to pass upon the propriety of the challenged remark because there is no dispute as to what was said and the record discloses the content of the remark. See *Commonwealth v. Adkins*, 468 Pa. 465, 364 A.2d 287 (1976). The trial court also treated appellant's objection as timely and assured

Finally, appellant contends the prosecutor made remarks implying that appellant had threatened some of the witnesses. During closing argument, the prosecutor stated that the witnesses had not identified their home addresses.[3] Upon objection, the trial court immediately instructed the jury to disregard the remark and again cautioned the jury on this matter during its charge. These cautionary instructions dispelled any prejudice. Compare *Commonwealth v.*

appellant that it would take corrective action if the Commonwealth failed to introduce evidence supporting the remark.

We also do not know the extent to which the court cautioned the jury concerning the prosecutor's remark. The page on which the instruction would have appeared is missing from the transcript. Although a gap in the record can be so crucial that appellate review is impossible, requiring grant of a new trial, see *Commonwealth v. Goldsmith*, 452 Pa. 22, 304 A.2d 478 (1973), the omission here, precluding review only of the court's instruction, is not serious, for we hold that the prosecutor's comment was not error even in the absence of cautionary instructions to the jury.

3. The prosecutor's remarks do not appear in the record, which reveals only the following:

"THE COURT: Mr. Tinucci, you may proceed.

(Mr. Tinucci commended [sic] arguing the Commonwealth's case to the jury, commencing at 10:40 a. m., during the course of which the following occurred):

MR. LIST: I object, Your Honor

THE COURT: State on the record what you contend Mr. Tinucci said.

MR. LIST: In open court?

THE COURT: Well, if you wish to approach the side bar . .

MR. LIST: I'll say it in open court. His statement that not one of them gave their addresses as to where they lived in Upland strongly infers [sic] that there has been [sic] threats against these witnesses, Your Honor, and that is not the case, and I object to that prejudicial inference.

THE COURT: Well, the objection is sustained. I think that is not a proper remark. And I caution the jury to disregard it.

MR. TINUCCI: If Your Honor please, I am sorry if it came out—it wasn't meant in that way.

THE COURT: All right, the jury will disregard the remark.

(Mr. Tinucci then continued and concluded his closing argument to the jury.)"

Neither party contends that, because the remarks in question do not appear in the record, we may not pass upon their propriety. Moreover, it appears that the Commonwealth acquiesced in defense counsel's paraphrase of the remarks for the record. Therefore, we have reached the merits of appellant's argument. See note 2, supra.

*Martinolich*, 456 Pa. 136, 318 A.2d 680 (1974) (immediate instruction cured prosecutor's comment implying that accused declined to call witness because the testimony would not be favorable) with *Commonwealth v. Russell*, 456 Pa. 559, 322 A.2d 127 (1974) (curative instruction inadequate where prosecutor clearly expressed opinion of defendant's guilt and implied that all defense witnesses had lied). We therefore find this contention also without merit.

Judgments of sentence affirmed.

POMEROY, J., concurs in the result.