388 A.2d 1059

COMMONWEALTH of Pennsylvania

v.

Gerald O'BRYANT, Appellant.

Supreme Court of Pennsylvania.

Submitted April 10, 1978.

Decided July 14, 1978.

Paul J. Burgoyne, Philadelphia, for appellant.

Edward G. Rendell, Dist. Atty., Steven H. Goldblatt, Deputy Dist. Atty. for Law, Robert B. Lawler, Chief, Appeals Div., Asst. Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

ROBERTS, Justice.

In a non-jury trial, the court found appellant guilty of murder of the third degree and possession of instruments of crime generally. On April 14, 1977, the court heard and denied appellant's post-verdict motions. Immediately thereafter, the court sentenced appellant to five to fifteen years imprisonment on the murder conviction and to a concurrent term of two and one half to five years imprisonment on the

possession charge. This appeal from the judgment of sentence imposed on the murder charge followed.[1]

Appellant's sole contention is that the suppression court erred in denying his motion to suppress the statement appellant gave to homicide detectives following his arrest. Specifically, he alleges that 1) any waiver of *Miranda* rights was invalid as a matter of law because his written statement contained "no evidence on its face that he was given proper warnings in accordance with *Miranda v. Arizona,*" 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); and 2) he was unable to make a knowing, voluntary and intelligent waiver of his rights because he voluntarily ingested medication before his interrogation. We find neither contention meritorious and affirm the judgment of sentence.[2]

On appeal from denial of a suppression motion, this Court must consider only the evidence presented by the Commonwealth and so much of the evidence for the defense as, fairly read in the context of the record as a whole, remains uncontradicted. E. g., *Commonwealth v. Hughes,* 477 Pa. 180, 383 A.2d 882 (1978); *Commonwealth v. Brown,* 473 Pa. 562, 375 A.2d 1260 (1977); *Commonwealth v. Goodwin,* 460 Pa. 516, 333 A.2d 892 (1975). Where the suppression court's findings have ample support in the record, they may not be disturbed on appeal. *Commonwealth v. Hughes, supra; Commonwealth v. Bundy,* 458 Pa. 240, 328 A.2d 517 (1974); *Commonwealth v. Stafford,* 451 Pa. 95, 301 A.2d 600 (1973).

Appellant first contends the Commonwealth failed to establish, by a preponderance of the evidence,[3] that he

1. Appellant properly filed his appeal from the judgment of sentence on the charge of possession of instruments of a crime in the Superior Court, which has not transferred the matter to this Court. See the Appellate Court Jurisdiction Act, Act of July 31, 1970, P.L. 673, art. II, § 503(c), 17 P.S. § 211.503(c) (Supp.1978).

2. We hear this appeal pursuant to the Appellate Court Jurisdiction Act, supra, § 202(1), 17 P.S. § 211.202(1) (Supp.1978).

3. While the United States Supreme Court allows only knowing, intelligent and voluntary waivers of constitutional rights, *Johnson v.*

waived the rights afforded him by *Miranda v. Arizona, supra,* because the investigating detective recorded only appellant's verbal answers to the *Miranda* inquiries and did not include a copy of the questions posed. While it is true that appellant never signed a form waiver card and that only his responses to the verbal warnings were recorded, it does not follow, as appellant contends, that his waiver was invalid as a matter of law.[4]

This Court has never held that the practice of entering only the responses of a defendant to the stated warnings renders a waiver invalid. In *Commonwealth v. Seabrook,* 475 Pa. 38, 379 A.2d 564 (1977), we found a valid waiver of *Miranda* rights where the identical procedure used in this case was employed. While we were not there directly asked to pass upon the propriety of this procedure, we gave no indication that it was improper. To the contrary, *Miranda* "requires only that the waiver of rights be made voluntarily, knowingly, and intelligently, and not that it be made in writing." *United States v. Speaks,* 453 F.2d 966, 969 (1st Cir. 1972), cert. denied, 405 U.S. 1071, 92 S.Ct. 1522, 31 L.Ed.2d 804 (1972) (citation omitted); accord, *United States v. Zamarripa,* 544 F.2d 978, 981 (8th Cir. 1976), cert. denied, 429 U.S. 1111, 97 S.Ct. 1149, 51 L.Ed.2d 566 (1977); *United States v. Stuckey,* 441 F.2d 1104, 1105 (3d Cir.), cert. denied, 404 U.S. 841, 92 S.Ct. 136, 30 L.Ed.2d 76 (1971); *United States v. Crisp,* 435 F.2d 354, 358 (7th Cir.), cert. denied, 402 U.S. 947, 91 S.Ct. 1640, 29 L.Ed.2d 116 (1971); *Klingler v. United States,* 409 F.2d 299, 308 (8th Cir.), cert. denied, 396

*Zerbst,* 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938), it is well settled that the admissibility of a confession challenged on constitutional grounds need not be established beyond a reasonable doubt. A confession is admissible if the court is satisfied by a preponderance of the evidence that the legal requirements for admissibility have been met. *Lego v. Twomey,* 404 U.S. 477, 92 S.Ct. 619, 30 L.Ed.2d 618 (1972); accord, *Commonwealth v. Motley,* 472 Pa. 421, 372 A.2d 764 (1977); *Commonwealth v. Smith,* 447 Pa. 457, 291 A.2d 103 (1972).

4. It is suggested, however, that where a defendant's responses to *Miranda* inquiries are recorded, the better practice would be also to record the specific questions posed.

U.S. 859, 90 S.Ct. 127, 24 L.Ed.2d 110 (1969); *United States v. Choice,* 392 F.Supp. 460, 466 (E.D.Pa.1975). Thus, the pertinent inquiry is not whether the questions were included on appellant's statement, but whether appellant was advised of his rights and knowingly, voluntarily and intelligently waived them. *Commonwealth v. Hughes, supra.*

The evidence presented at the hearing on appellant's motion to suppress established that Detective McKay read appellant the *Miranda* warnings from the standard police interrogation form, asked whether he wished to waive each right and entered appellant's answers on a standard interview sheet. After appellant had responded in a manner clearly indicating that he wished to waive his *Miranda* rights, the interview continued and an investigating officer recorded each subsequent question posed to appellant and his response thereto. It was this testimony which the suppression court chose to believe and upon which it based its conclusion that appellant "knowingly, intelligently and voluntarily waived his *Miranda* rights." Because it is the exclusive province of the trier of fact to pass upon credibility, *Commonwealth v. Murray,* 460 Pa. 605, 334 A.2d 255 (1976), and because this finding of the suppression court has ample support in the record, we affirm the court's determination.

Similarly, there is ample support in the record for the suppression court's conclusion that appellant knowingly, intelligently and voluntarily gave the statement which was used at trial over his objection. A statement is voluntary if the decision to speak was the product of a free and unconstrained choice. See *Culombe v. Connecticut,* 367 U.S. 568, 81 S.Ct. 1860, 6 L.Ed.2d 1037 (1961); *Commonwealth v. Ritter,* 462 Pa. 202, 340 A.2d 433 (1975). To determine voluntariness, the totality of the circumstances surrounding the statement must be examined, including: duration and methods of interrogation; the conditions of confinement; the manifest attitudes of the police toward the defendant; defendant's physical and psychological condition; and any other condition which may drain the defendant's power of

resistance to suggestion or to undermine his ability to exercise free will. See *Culombe v. Connecticut,* 367 U.S. 568, 81 S.Ct. 1860, 6 L.Ed.2d 1037 (1961); *Commonwealth v. Kichline,* 468 Pa. 265, 361 A.2d 282 (1976).

At the hearing on appellant's motion to suppress, appellant testified that, approximately ninety minutes before commencement of the statement, he had ingested a capsule of a prescription drug, probably thorazine, which made him drowsy. The Chief Toxicologist for the City of Philadelphia testified for the Commonwealth that there is no scientific evidence indicating that thorazine diminishes ability to exercise volition or would induce a person to confess. Moreover, the two interrogating detectives testified that appellant was alert and responsive throughout the interview and did not appear to be under the influence of drugs or medication.

While the suppression court credited appellant's testimony that he had taken a medication approximately 90 minutes before questioning, it found that the effects, if any, were not sufficient to cloud appellant's understanding or affect his will. The court also found that appellant was not coerced or threatened and made no requests which were denied; acknowledged giving the statement, drew attention to places where the statement differed from his recollection of the words he used and, in general, indicated a clear recollection of what transpired during the taking of the statement and what the facts of the incident were; stated that he was able to read and understand the statement; and acknowledged his signature and the fact that he signed the statement and initialed all corrections. The record supports these findings and the conclusion that the Commonwealth met its burden of proving the voluntariness of appellant's confession. See *Commonwealth v. Cornish,* 471 Pa. 256, 370 A.2d 291 (1977); *Commonwealth v. Moore,* 454 Pa. 337, 311 A.2d 620 (1973).

Judgment of sentence affirmed.