393 A.2d 650

**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Leroy BROWN, Appellant.**

Supreme Court of Pennsylvania.

Argued April 21, 1978.

Decided Oct. 5, 1978.

Stephen G. Pollock, Philadelphia, for appellant.

Edward G. Rendell, Dist. Atty., Steven H. Goldblatt, Deputy Dist. Atty. for Law, Robert B. Lawler, Chief, Appeals Div., Gaele McLaughlin Barthold, Philadelphia, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and LARSEN, JJ.

OPINION OF THE COURT

PER CURIAM:

 This is an appeal from appellant's conviction of four counts of first degree murder which arose from his participation in the slaying of four persons in Philadelphia on February 18, 1974.[1] Appellant raises eight issues in this appeal, all of which are without merit.

1. That the trial court erred in not suppressing two allegedly involuntary statements which appellant made following his arrest;

2. That the trial court erred in ruling on the afternoon of the third day of trial that appellant was competent to stand trial;

3. That the trial court erred in not ordering an "inquiry" into appellant's competency on the afternoon of the third day of trial;

4. That appellant received ineffective assistance of counsel because prior to trial, trial counsel did not file a petition (pursuant to Section 4408 of the Mental Health and Mental Retardation Act of 1966, Act of October 20, 1966, Special Sess. No. 3, P.L. 96, art. IV, 50 P.S. 4408) requesting that appellant be committed to a mental health facility in lieu of standing trial;

5. That appellant received ineffective assistance of counsel because trial counsel failed to object to an instruction that the jury could find that appellant was sane at the time that the crimes were committed;

6. That appellant received ineffective assistance of counsel because (appellant claims that) trial counsel did not properly establish an insanity defense;

7. That appellant received ineffective assistance of counsel because trial counsel did not present evidence that appellant was intoxicated on the day of the crimes; and

---

1. A review of the record, conducted, pursuant to the Act of February 15, 1870, P.L. 15 § 2, 19 P.S. 1187, reveals that there was sufficient evidence to support the jury's verdict.

8. That appellant received ineffective assistance of counsel because trial counsel did not object in post-verdict motions to the testimony of Detective Charles Andrews of the Philadelphia Police Force, who testified at the suppression hearing about information which he received from appellant's wife concerning conversations that took place between appellant and appellant's wife.

Judgments of sentence affirmed.

MANDERINO, J., filed a dissenting opinion in which ROBERTS and NIX, JJ., joined.

MANDERINO, Justice, dissenting.

I dissent. Once a criminally accused has exercised the right to the assistance of counsel, there can be no waiver of that right unless made in counsel's presence *and* with counsel's advice. See *Com. v. Lark,* 482 Pa. 292, 393 A.2d 1112 (1978) (Nix, J., in Support of Reversal joined by Manderino, J.). *Com. v. Hilliard,* 471 Pa. 318, 370 A.2d 322 (1977), (opinion announcing the judgment of the Court, Part I, by Roberts, J., joined by Nix and Manderino, JJ.). *Com. v. Hawkins,* 448 Pa. 206, 220, 292 A.2d 302 (1972) (dissenting opinion of Nix, J., joined by Roberts and Manderino, JJ.).

Appellant exercised this right by stating to the police that he wanted an attorney. As the United States Supreme Court said in *Miranda v. Arizona,* 384 U.S. 436, 444–5, 86 S.Ct. 1602, 1612, 16 L.Ed.2d 694:

"If, however, he [the accused] indicates in *any manner* and at any stage of the process that he wishes to consult with an attorney before speaking there can be *no questioning.* [Emphasis added].

The presence of counsel at questioning is to assure that an individual's right to choose between silence and speech remains *unfettered* throughout this period of questioning, *Id.,*

384 U.S. at 469, 86 S.Ct. 1602. In applying this principle, we along with the United States Supreme Court have said that a statement elicited by the accused in response to a *statement* by the police is equally as involuntary as one made by the accused in response to a *question* by the police. *Brewer v. Williams,* 430 U.S. 388, 399, 97 S.Ct. 1232, 51 L.Ed.2d 423 (1977). *Com. v. Mercier,* 451 Pa. 211, 214–15, 302 A.2d 337 (1973).

Although this Court has not fashioned a "litmus paper-test" for determining the voluntariness of a confession, the accused's decision to speak must be the product of a free and unconstrained mind. *Culombe v. Connecticut,* 367 U.S. 568, 81 S.Ct. 1860, 6 L.Ed.2d 1037 (1961); *Com. v. Ritter,* 462 Pa. 202, 340 A.2d 433 (1975) quoting *Com. v. Alston,* 456 Pa. 128, 317 A.2d 241 (1974). Here, the methods used by the police in extracting a waiver and statement from appellant only indicate that his decision to speak was *not* voluntary. We have said:

> "For a waiver to be effective, the reversal of the defendant's position must have been *initiated* by him." (Emphasis added.)

*Com. v. Mercier, Id.,* 451 Pa. at 216, 302 A.2d at 340. Cf. *Com. v. Simola* (statement held inadmissible because it had been preceded by official conduct designed to elicit a confession).

At the suppression hearing, the police testified that appellant was unwilling initially to answer *any* questions without an attorney. (R. 7) At that time, the police did not know the circumstances of the murder. (R. 7) However, the police ignored appellant's request to have counsel and approximately a half hour later, the police told appellant: "I have some information now concerning this. Maybe I can talk to you a little bit better about it." (R. 8) The police again advised appellant of his rights. This time, according to the police, appellant said he would talk without an attorney. (R. 8)

Upon these facts, the majority erroneously concluded that the accused made an "informed" decision to waive his rights to counsel, hence, appellant's decision to speak is voluntary, and therefore appellant's statements are admissible. However, once appellant exercised his constitutional right to counsel, any action initiated by the police is *per se* not the free and unconstrained decision of the appellant. See *Com. v. Mercier, supra.* Therefore, any statement appellant made to the police is inadmissible.

ROBERTS and NIX, JJ., join in this dissent.