## Commonwealth v. Donahue

*Amil Minora,* assistant district attorney for Commonwealth.

*D. Webster Keogh,* for defendant.

MUNLEY, *J.,* February 11, 1983—This matter comes before the court on defendant's motion to suppress an oral statement made to the police. At trial, the Commonwealth offered Trooper Gerald Gaetano's testimony of incriminating statements made by defendant. Although defendant had not filed a pre-trial motion to suppress the testimony he was given an opportunity to examine Officer Gaetano outside the presence of the jury.

Defendant, Kevin Donahue, was arrested for receiving stolen property. Following his arrest defendant was taken to State Police Headquarters and advised of his Miranda rights and was asked whether he wished to have legal counsel present. Defendant indicated he desired counsel, that he would not

make any statement, that he would not waive his constitutional rights, and he refused to sign a waiver of his Miranda rights.

Thereafter, defendant was escorted by Trooper Gaetano to a magistrate office for arraignment. While enroute defendant expressed concern about the magistrate's setting of bail and initiated questions concerning what the amount and terms of bail might be. Officer Gaetano indicated to defendant that the charges against him were serious, and that the bail might be high. Gaetano also noted that his being a nonresident of Lackawanna County would be an important factor in determining the amount of bail. Subsequently defendant, apparently still being troubled and distressed over the question of bail, renewed the discussion on this subject as the parties occupied their respective positions in the district magistrate's courtroom prior to the arraignment proceedings. At some point defendant specifically inquired whether there was anything that Trooper Gaetano could do or whether he might intercede with the Magistrate to limit the amount of bail. At this point the police officer responded, "Your asking me for help, well what will you do for me?" (with regard to your making a statement and giving us information regarding this case). Following this exchange, defendant made an incriminating statement concerning the ownership of the motor vehicle, the subject matter of the charge of receiving stolen property.

The issue before the court is whether the incriminating statement obtained by the police violated defendant's constitutional rights of self incrimination.

## DISCUSSION

The prosecution may not use statements, whether exculpatory or inculpatory, stemming from custo-

dial interrogation of defendant unless it demonstrates the use of procedural safeguards effective to secure the privilege against self-incrimination. Miranda V. Arizona, 384 U. S. 436, 444, 86 S. Ct. 1602, 1612 (1966). Interrogation means police questioning or conduct which is calculated to, expected to, or is likely to evoke admissions. Commonwealth V. Simala, 434 Pa. 219, 252 A2d 575 (1966). As it was stated in Rhode Island V. Innis, 446 U. S. 291, 301, 100 S. Ct. 1682, 1689-1690 (1980):

"We conclude that the Miranda safeguards come into play whenever a person in custody is subjected to either express questioning or its functional equivalent. That is to say, the term 'interrogation' under Miranda refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an incriminating response (footnote omitted) from the suspect. (footnote omitted)"

"A practice that the police should know is reasonably likely to evoke an incriminating response from a suspect thus amounts to interrogation. (footnote omitted) But, since the police surely cannot be held accountable for the unforseeable results of their words or actions, the definition of interrogation can extend only to words or actions on the part of police officers that they should have known were reasonably likely to elicit an incriminating response. (footnote omitted)"

Voluntary statements are not barred from admission by Miranda in criminal prosecutions. Commonwealth v. Wiggins, — Pa. Super. 371 A.2d 207 (1977); Commonwealth v. Boone,___ 354 A.2d 878 (1976). The burden however is on the Commonwealth to prove by a preponderance of evidence that the statements were voluntary, Commonwealth v.

Ravenell, 448 Pa. 162, 292 A.2d 365 (1972), and that they were obtained after a knowing and intelligent waiver of his constitutional safeguards. Commonwealth v. Goodwin, 460 Pa. 516, 333 A.2d 892 (1975).

A statement is voluntary if the decision to speak was the product of a free and unconstrained choice. Commonwealth v. Ritter, 462 Pa. 202, 340 A.2d 433 (1975). In Commonwealth v. O'Bryant, 479 Pa. 534, 388 A.2d 1059 (1978); cert denied, 439 U. S. 990, 99 S. Ct. 589, the court stated:

"To determine voluntariness of statement, totality of circumstances surrounding statement must be examined, including duration and methods of interrogation, conditions of confinement, manifest attitudes of police toward defendant, defendant's physical and psychological condition, and any other condition which may drain defendant's power of resistance to suggestion or to undermine his ability to exercise free will. See Culombe v. Connecticut, 367 U. S. 568, 81 S. Ct. 1860, 6 L. Ed.2d 1037 (1961); Commonwealth V. Kichline, 468 Pa. 265, 361 A.2d 282 (1976)."

When the question of voluntariness passes beyond the realm of physical coercion and into degrees of psychological coercion, most careful attention will be afforded to any facts, circumstances or events tending to overbear the will of the accused. Commonwealth v. Starkes, 461 Pa. 178 (1975).

An accused need not be reinformed of his rights and asked whether he wishes to assert them each time he is asked a question. However, an accused must be so reinformed, and given a new opportunity to assert constitutional rights when warranted by the circumstances. Commonwealth v. Riggins, 451 Pa. 519, 304 A.2d 473 (1973). Several objective in-

dicia have been noted as significant in determining the issue:

(1) the time lapse between the last Miranda warnings and the accused's statement;

(2) interruptions in the continuity of the interrogation;

(3) whether there was a change of location between the place where the last Miranda warnings were given and the place where the accused's statement was made;

(4) whether the same officer who gave the warnings also conducted the interrogation resulting in the accused's statement; and

(5) whether the statement elicited during the complained of interrogation differed significantly from other statements which had been preceded by Miranda warnings.

It is our finding that the incriminating statement by defendant was obtained in violation of his constitutional rights. Specifically we find that defendant was in custody of the police throughout; the trooper's actions in the magistrate's office, prior to the arraignment, constituted an interrogation; defendant's statement was not voluntary as it was elicited in these circumstances; defendant had already exercised his constitutional rights in the presence of this same officer when he had requested counsel and had refused to sign any waiver; and defendant should have been reinformed of his miranda rights, for under the circumstances any lingering effect of the earlier warning had dissipated and were clearly overcome by his concern, as expressed to the police, over the bail situation.

Trooper Gaetano should have known that the question he posed, "You want me to help you, what are you going to do for me," and the circumstances under which it was made, was reasonably likely to

elicit an incriminating response. It was made in circumstances which communicated to defendant that the police were prepared to bargain with him for his information in return for their interceding with the judge for a low bail. The police officer's statement could only be interpreted as a promise to intercede with the magistrate, as to the amount of the bail, if the Defendant cooperated. Without question, the officer was one with "apparent authority" to fulfill the promise of intercession with the judge. Under these circumstances, it is only reasonable to conclude that such a promise by one in apparent authority was likely to evoke admissions. See Commonwealth v. Simala, supra. and Commonwealth v. Peters, 473 Pa. Super. 72, 373 A.2d 1055 (1977). It is clear that the policeman's conduct induced the Defendant to speak and propelled his admissions. His ability to exercise free will and resist suggestion was undermined by the pending circumstances. See Commonwealth v. Starkes, supra.

For these reasons we grant defendant's motion to suppress.

## ORDER

Now, this February 11, 1983, for the reasons cited herein, defendant's motion to suppress is hereby granted.