546 A.2d 628

**COMMONWEALTH of Pennsylvania**

v.

**Todd Charles DIAMOND, Appellant.**

Superior Court of Pennsylvania.

Submitted May 23, 1988.

Filed July 28, 1988.

486

Thomas K. Wynne, Lebanon, for appellant.

Thomas S. Long, Assistant District Attorney, Lebanon, for Com., appellee.

Before McEWEN, HOFFMAN and HESTER, JJ.

HOFFMAN, Judge:

This appeal is from the judgment of sentence for risking a catastrophe, 18 Pa.C.S.A. § 3302(b). Appellant contends that (1) the evidence was insufficient to support the verdict because the Commonwealth did not prove (a) that appellant was the person who started the fire, and (b) that appellant's conduct "was capable of causing injury or damage so widespread as to constitute an extraordinary disaster"; (2) the court erroneously instructed the jury regarding the elements of the crime of risking a catastrophe; (3) the court erred in refusing to suppress statements that appellant made to the officer who investigated the fire; and (4) the court erred in failing to allow credit towards appellant's sentence for time he had already served. For the reasons that follow, we vacate the judgment of sentence and remand the case for proceedings consistent with this Opinion.

On February 24, 1982, a fire was discovered in a cell in the Trusty section of the Lebanon County Prison. Appellant, who was incarcerated in the prison at the time of the fire, was later charged with risking a catastrophe. On July 21, 1982, appellant pleaded guilty to the charge. Appellant was thereafter sentenced to an eleven-and-one-half-to-twenty-three-month term of imprisonment, to be served concurrently with the term he was then serving. No appeal was taken from this judgment of sentence.

On December 13, 1984, appellant filed a petition under the Post Conviction Hearing Act (PCHA), 42 Pa.C.S.A. §§ 9541–9551, seeking, *inter alia*, to withdraw his guilty plea. On October 1, 1985, following a hearing and the filing of briefs, the PCHA court issued a Memorandum and Order granting appellant leave to withdraw his guilty plea, and the case was later listed for trial. On January 6, 1986, a hearing

was held on appellant's motion to suppress statements that he had made to the officer who investigated the fire. The motion was denied, and, following a jury trial, appellant was found guilty of risking a catastrophe. Post-trial motions were filed and denied, and on September 10, 1986 appellant was sentenced to a five-to-twelve-month term of imprisonment, to be computed from that date and to run concurrently with any other sentence appellant was serving. A timely Motion for Reconsideration of Sentence Credit was filed and denied, and appellant then filed a timely notice of appeal with this Court.

On January 14, 1987, we dismissed the appeal because appellant failed to file a brief. Appellant then filed his second petition under the PCHA, alleging that trial counsel was ineffective for failing to file an appellate brief. On March 26, 1987, the PCHA court granted appellant's petition for relief, and he was given thirty days to file a notice of appeal *nunc pro tunc*. This timely appeal followed.

■ Appellant first contends that the evidence was insufficient to support the conviction for risking a catastrophe [1] because the Commonwealth did not prove (a) that appellant was the person who started the fire, and (b) that appellant's conduct "was capable of causing injury or damage so widespread as to constitute an extraordinary disaster." Brief for Appellant at 12. After carefully reviewing the record and the briefs submitted by the parties, we conclude that the lower court has properly disposed of these contentions in its opinion.

■ Appellant next contends that the trial court erroneously instructed the jury regarding the elements of the crime of risking a catastrophe. This contention is waived.

1. 18 Pa.C.S.A. § 3302(b) provides:
   **(b) Risking catastrophe.**—A person is guilty of a felony of the third degree if he recklessly creates a risk of catastrophe in the employment of fire, explosives or other dangerous means listed in subsection (a) of this section [relating to *causing* a catastrophe].
   *Id.*

The facts related to this claim were summarized by the lower court as follows:

[Appellant] complains that the trial Judge did not properly instruct the jury in response to their request for additional instructions on the charge of risking a catastrophe. Quite frankly we do not follow the argument. It is true that the jury did ask the Court for additional instructions. The Court did respond and give additional instructions and they are reflected on pages 66 through 68 of the notes of testimony. *At the conclusion, the trial Judge asked counsel if they cared to call the Court's attention to "... any misstatements or failure to charge in any manner." Both the District Attorney and counsel for [appellant] responded in the negative....*

*Id.* at 4–5 (emphasis supplied). Because appellant did not timely object to the charge, he has failed to preserve this issue for appellate review. *Commonwealth v. Smith,* 321 Pa.Super. 170, 178, 180–81, 467 A.2d 1307, 1313 (1983). *See also Commonwealth v. Clair,* 458 Pa. 418, 326 A.2d 272 (1974); Pa.R.Crim.P. 1119(b).[2]

■ Appellant next contends that the court erred in refusing to suppress statements that he made to the officer who investigated the fire. More specifically, appellant argues that his statements should have been suppressed because (a) he was not advised of his rights under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966) prior to making his statements, and (b) he was coerced into making these statements by a promise that nothing would happen to him if he told the truth. In reviewing a denial of a motion to suppress evidence,

we must determine whether the record supports the factual findings of the suppression court, as well as determine the reasonability of any inferences and legal conclusions drawn from the court's findings of fact....

---

**2.** We note that appellant, who is now represented by counsel other than trial counsel, does not allege that trial counsel was ineffective for failing to object to the jury instruction.

> In considering whether the record supports the court's finding[s] of fact we must restrict ourselves to reviewing the evidence presented by the Commonwealth and so much of the evidence for the defense as, fairly read in the context of the record as a whole, remains uncontradicted.... In addition, where the suppression court's findings are amply supported by the record they may not be disturbed on appeal....

*Commonwealth v. Eliff,* 300 Pa.Super. 423, 428–29, 446 A.2d 927, 929–30 (1982) (citations omitted). *See also Commonwealth v. Rispo,* 338 Pa.Super. 225, 227–28, 487 A.2d 937, 938 (1985).

Here, the suppression court found "as a fact that [appellant] was advised of his *Miranda* rights at the interviews of February 24, 25 and March 1st, 1982; and that there were no promises or threats made." Order, January 7, 1986 at 1. These findings are amply supported by the record. At the suppression hearing, Trooper Bainbridge, the officer who investigated the fire, testified that, prior to each of his three interviews with appellant, he advised appellant of his constitutional rights, N.T. January 6, 1986 at 4, 6, 8; that appellant indicated that he understood those rights, *id.* at 6, 8; that appellant stated that he was willing to talk about the incident in question, *id.* at 6, 8; and that at no time did appellant indicate that he wanted to stop the interview and have an attorney present. *Id.* at 9. In addition, both Trooper Bainbridge and Deputy Warden Gerrity, who also was present during all three interviews, testified that appellant was *not* told that no charges would be brought against him. *Id.* at 9, 16–17. Although appellant's version of the three interviews contradicted the testimony of Bainbridge and Gerrity, *see id.* at 21–24, it is well-settled that "it is the exclusive province of the trier of fact [here, the suppression court] to pass upon credibility." *Commonwealth v. O'Bryant,* 479 Pa. 534, 539, 388 A.2d 1059, 1062 (1978). Because the suppression court's findings of fact are supported by the record, appellant's claim that the court erred

in refusing to suppress his statements is meritless. *Id.* *See also Commonwealth v. Eliff, supra.*

■ Appellant last contends that the court erred in failing to allow credit towards appellant's sentence for time he already had served.[3] Appellant notes that, at the time of his jury trial below, he already had served the entire eleven-and-one-half-to-twenty-three-month that was imposed after he pleaded guilty. Appellant maintains that, in computing his new sentence, the court below was required to credit him with the twenty-three months he already had served. We agree. 42 Pa.C.S.A. § 9760 provides in relevant part:

*[T]he court shall give credit as follows:*

(1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

*(2) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent in custody under a prior sentence if he is later reprosecuted and resentenced for the same offense or for another offense based on the same act or acts.* This

---

**3.** The Commonwealth argues that appellant has waived his sentencing argument because he has not complied with the mandates of Pa.R.A.P. 2119(f) and *Commonwealth v. Tuladziecki,* 513 Pa. 508, 522 A.2d 17 (1987). We disagree. First, we note that the legality of a sentence is an issue that can never be waived. *See, e.g., Commonwealth v. Fulton,* 315 Pa.Super. 420, 422 n. 4, 462 A.2d 265, 266 n. 4 (1983); *Commonwealth v. Thomas,* 291 Pa.Super. 263, 268, 435 A.2d 901, 903 (1981). *See also Commonwealth v. Ragoli,* 362 Pa.Super. 390, 402 n. 7, 524 A.2d 933, 939 n. 7 (1987) ("The issue of the propriety and manner in which the sentence was imposed is one which may be raised sua sponte by an appellate court."). Moreover, we note that both Pa.R. A.P. 2119(f) and *Commonwealth v. Tuladziecki, supra* are concerned with claims related to the *discretionary* aspects of sentencing. In such circumstances, the appellant must comply with the procedural requirements of 42 Pa.C.S.A. § 9781(b) and Pa.R.A.P. 2119(f). When, as here, the claim involves the *legality* of a sentence, however, a defendant may appeal as of *right. See* 42 Pa.C.S.A. § 9781(a).

shall include credit in accordance with paragraph (1) of this section for all time spent in custody as a result of both the original charge and any subsequent charge for the same offense or for another offense based on the same act or acts.

*Id.* § 9760(1)–(2) (emphases supplied). *See also* Pa.R. Crim.P. 1406(b).

Here, appellant was charged with risking a catastrophe and initially pleaded guilty to that charge on July 21, 1982. On September 28, 1982, he was sentenced to an eleven-and-one-half-to-twenty-three-month term of imprisonment. The court specified that this sentence was to be computed from September 28, 1982 and was to be served *concurrently* with a term of imprisonment that appellant was then serving for criminal mischief. The maximum term of the sentence was thus set to expire on or about August 28, 1984. On August 25, 1983, however, appellant escaped from prison and was not reincarcerated until September 24, 1983. The thirty-one days that appellant remained free extended the time necessary for him to complete his entire sentence on the instant charge; thus appellant could not complete serving his sentence until September 28, 1984. The record reflects that appellant in fact remained in prison from the time he was reincarcerated until at least the time of his trial in January, 1986. *See* Probation Report, Progress of Supervision at 1.

In light of the facts summarized above, it is clear that appellant completed his initial sentence on the risking a catastrophe charge on or about September 28, 1984.[4] The court below, however, made no mention of crediting appellant with time that he had already served. Because appellant spent the entire twenty-three month maximum term of his prior sentence in custody, the court should have credited

4. On April 24, 1984, appellant was sentenced to a three-to-seven-year term of imprisonment for escape. Probation Report, Progress of Supervision at 1. Appellant was not eligible for parole on this charge until April 1987. Thus, the time that appellant spent in custody from September 28, 1984 until the time of trial resulted solely from the sentence imposed on the escape charge.

him with that time when it computed his new sentence. 42 Pa.C.S.A. § 9760(2). *See also Commonwealth v. Walker,* 286 Pa.Super. 239, 428 A.2d 661 (1981); *Commonwealth v. Cappiello,* 284 Pa.Super. 476, 426 A.2d 146 (1981); *Commonwealth v. Scheetz,* 217 Pa.Super. 76, 268 A.2d 193 (1970). Moreover, because the new sentence imposed on appellant was for a term of five-to-twelve months, and because appellant is entitled to a credit of twenty-three months, it would appear that appellant is entitled to be released on the risking a catastrophe charge.

For the foregoing reasons, we vacate the judgment of sentence and remand the case so that the sentencing court may correct the sentence in accordance with this Opinion. Jurisdiction is relinquished.

Judgment of sentence vacated and case remanded. Jurisdiction relinquished.