397 A.2d 417

**COMMONWEALTH of Pennsylvania**

v.

**Douglas HOLLIS, Appellant.**

Supreme Court of Pennsylvania.

Submitted Oct. 19, 1978.

Decided Jan. 24, 1979.

428

James J. Phelan, Jr., Philadelphia, for appellant.

Edward G. Rendell, Dist. Atty., Steven H. Goldblatt, Deputy Dist. Atty. for Law, Robert B. Lawler, Chief, Appeals Div., Asst. Dist. Atty., Sheldon M. Finkelstein, Philadelphia, for appellee.

Before EAGEN, C. J., and ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION OF THE COURT

PER CURIAM:

On the evening of May 28, 1975, Anna Inej, her husband Harry, and Paul Maidatschewsky were returning home from a social function at a church on North Franklin Street, Philadelphia. Two assailants approached the three from behind. One assailant attempted to steal Mrs. Inej's pocketbook. Mrs. Inej resisted, the assailant stabbed her several times, and she died from the stab wounds. The other assailant, also carrying a knife, stabbed Mr. Maidatschewsky in the arm. Both assailants fled with Mrs. Inej's pocketbook. Appellant was arrested and charged with criminal

homicide, robbery, criminal conspiracy, aggravated assault, simple assault, and possessing an instrument of crime generally for his alleged participation in the incident.

A jury convicted appellant of murder of the second degree, robbery, criminal conspiracy, and felonious aggravated assault. The trial court denied appellant's post-verdict motions and sentenced appellant to life imprisonment on the murder conviction and concurrent sentences on the other convictions.

▇▇▇▇ Appellant's appeal to this Court is from the murder conviction alone.[1] He alleges that the trial court erred in: (1) arraigning him in the presence of a panel of jurors; (2) refusing to reduce pretrial bail; (3) failing to warn Commonwealth witnesses of their right not to testify and failing to appoint counsel for the witnesses; (4) admitting the victim's pocketbook into evidence; (5) denying a demurrer on charges of murder of the first degree; and (6) suggesting to the jury that it return a verdict of murder of the second degree. None of these claims justifies relief.[2]

Judgment of sentence affirmed.

O'BRIEN, J., did not participate in the consideration or decision of this case.

POMEROY, former J., did not participate in the decision of this case.

1. We hear this appeal pursuant to the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, art. II, § 202(1), 17 P.S. § 211.202(1) (Supp.1978).

2. Appellant also alleges that the court erred in not quashing the grand jury's indictment on counts of simple assault and aggravated assault, denying a demurrer on charges of possessing an instrument of crime generally and aggravated assault, and improperly charging the jury on aggravated assault. Appellant has appealed to the Superior Court from the other convictions and these claims are not before this Court on this appeal from the murder conviction. See *Commonwealth v. O'Bryant*, 479 Pa. 534, 388 A.2d 1059 (1978).