416 A.2d 1125

**COMMONWEALTH of Pennsylvania**

v.

**Joseph TAYLOR, Appellant.**

Superior Court of Pennsylvania.

Submitted Aug. 6, 1979.

Filed Dec. 21, 1979.

Joseph P. Zawrotny, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Chief, Appeals Division, Philadelphia, for appellant.

Before WATKINS, MANDERINO and CIRILLO, JJ.*

PER CURIAM:

Appellant, Joseph Taylor, was tried before a judge sitting without a jury and found guilty of murder of the third degree. Post-verdict motions were denied, and appellant was sentenced to a term of imprisonment of not less than five nor more than twenty years in prison. This appeal followed.

On March 20, 1977, at 6:25 p. m., appellant was arrested in connection with the fatal beating of his mother. Appellant was informed of his *Miranda* rights and questioned until 8:00 p. m., when he was given a polygraph examination. Around 9:30 p. m., after the polygraph examination, appellant was again informed of his *Miranda* rights. A statement

* Justice Louis L. Manderino of the Supreme Court of Pennsylvania, and Judge Vincent A. Cirillo of the Court of Common Pleas of Montgomery County, Pennsylvania, are sitting by designation.

was elicited from appellant during this period which was reduced to writing and signed by appellant. At 11:53 p. m., appellant was arraigned.

In this appeal, appellant contends that his statements to the police should have been suppressed because (1) he was under a severe emotional strain after being told that his mother was dead rendering him incapable of giving a voluntary statement, (2) he was not properly informed of his *Miranda* rights, and (3) the statement was the result of physical and psychological coercion. We must reject these arguments. They are all based on evidence in the record which was rejected by the suppression court. This court is not to determine questions of credibility but is to determine whether the record is sufficient to sustain the suppression court's findings of fact and conclusions of law. *See Commonwealth v. O'Bryant*, 479 Pa. 534, 388 A.2d 1059 (1978).

The suppression court found that the appellant had been properly informed of his *Miranda* rights, was not coerced in any way into giving his statement but rather voluntarily made the statement. No reason has been given to disturb the trial court's conclusion.

Judgment of sentence affirmed.

This decision was reached prior to the death of MANDERINO, J.