J. S48017/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
SHAWN ALAN BRACKEN :
Appellant :
: No. 1373 WDA 2015

Appeal from the Order August 18, 2015
In the Court of Common Pleas of Westmoreland County
Criminal Division No(s): CP-65-CR-0000730-2012

BEFORE: BOWES, DUBOW, and MUSMANNO, JJ.

JUDGMENT ORDER BY DUBOW, J.: **FILED SEPTEMBER 15, 2016**

Appellant, Shawn Alan Bracken, appeals from the August 18, 2015 Order denying his second Petition for Credit for House Arrest Nunc Pro Tunc as untimely. Upon review, we reverse and remand the case with instructions for the trial court to consider the petition under the Post Conviction Relief Act (PCRA).

A detailed factual and procedural history is unnecessary to our disposition. Therefore, we summarize the relevant procedural history as follows: On August 8, 2014, Appellant pled guilty to charges arising from Appellant's sexual abuse of his minor daughter. Appellant waived his right to have his Sexually Violent Predator hearing conducted prior to sentencing, and Appellant was sentenced that same day. Pursuant to his plea agreement with the Commonwealth, the trial court sentenced Appellant to

three to six years of incarceration and an additional five years of probation. Appellant was not given credit for time served on house arrest, and began serving his term of imprisonment on August 11, 2014.

On June 25, 2015, Appellant filed a Petition for Credit for House Arrest Nunc Pro Tunc, which the trial court denied on August 18, 2015. The trial court denied the petition on the grounds that the petition was untimely and that there were no "specific allegations of a break down in the court operation or allegations of fraud which would have permitted [Appellant] to proceed Nunc Pro Tunc." Trial Court Opinion, filed 2/25/16, at 3.

Appellant timely appealed, raising the following issue:

Whether the Court of Common Pleas abused its discretion in denying Appellant's motion for credit for house arrest, nunc pro tunc, despite the severe restrictions placed on his movement tantamount to custody.

Appellant's Brief at 2.

Appellant's Petition for Credit for House Arrest Nunc Pro Tunc, filed more than ten months after he was sentenced by the trial court, was clearly untimely. *See* Pa.R.Crim.P. 720. However, courts should construe an untimely post-sentence motion as a petition for relief under the PCRA if the motion raises a claim that is cognizable under the PCRA. ***Commonwealth v. Deaner***, 779 A.2d 578, 580 (Pa. Super. 2001) ("[A]ny collateral petition raising issues with respect to remedies offered under the PCRA will be considered a PCRA petition.").

A claim that the trial court failed to award credit for time served prior to sentencing is a proper challenge to the legality of the sentence. **Commonwealth v. Johnson**, 967 A.2d 1001, 1003 (Pa. Super. 2009). As such, it is cognizable under the PCRA. **Commonwealth v. Diamond**, 546 A.2d 628, 631 n.3 (Pa. Super. 1988). The trial court therefore erred in denying the petition as untimely without considering the merits of Appellant's claim. **See Commonwealth v. Davis**, 852 A.2d 392, 399-400 (Pa. Super. 2004) (concluding that trial court erred in denying petition for time credit as untimely post-sentence motion, where it should have been considered in the nature of a timely-filed PCRA petition).

In light of the foregoing, we reverse the trial court's denial of Appellant's petition as untimely, and remand for the trial court to treat and review the motion as a PCRA petition.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/15/2016

- 3 -