405 A.2d 1307
COMMONWEALTH of Pennsylvania
v.
Frank C. TAYLOR, Appellant.
Superior Court of Pennsylvania.
Submitted May 7, 1979.
Decided June 13, 1979.

Richard E. Johnson, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Chief, Appeals Division, Philadelphia, for Commonwealth, appellee.

Before CERCONE, President Judge, and ROBERTS and LIPEZ, JJ.*

PER CURIAM:

On July 14, 1977, a court sitting without jury convicted appellant, Frank C. Taylor, of murder of the third degree and possession of an instrument of crime. After denying post-verdict motions, the trial court imposed concurrent sentences of imprisonment of six to twenty years on the murder conviction and two and one half to five years on the conviction for possession of an instrument of crime.

■ Appellant first argues that the court should have suppressed an inculpatory statement he gave because the police did not advise him of his *Miranda* rights. At the suppression hearing, appellant testified that the interrogating officers did not advise him of his rights. The arresting and interrogating officers testified that they informed him of his rights. The court believed the evidence of the Commonwealth. This evidence is sufficient to support the finding of the suppression court. See *Commonwealth v. Hughes*, 477 Pa. 180, 383 A.2d 882 (1978).

■ Appellant next contends that the statement should have been suppressed because he did not make a knowing, voluntary and intelligent waiver of his rights. Appellant testified that he had drunk a half pint of vodka and some beer during the course of the evening of the incident and

* Justice Samuel J. Roberts of the Supreme Court of Pennsylvania and Judge Abraham H. Lipez of the Court of Common Pleas of Clinton County, Pennsylvania, are sitting by designation.

was still under the influence of the alcohol when he was arrested and questioned seven hours later. The officers testified that, at the time of arrest and interview, appellant appeared alert, normal, responsive and not under the influence of drugs or alcohol. According to the officers, the interview lasted one hour; after he had been informed of his rights, appellant stated that he wished to make a statement; and he read and signed every page of the statement. The officers stated that they had not made any threats or promises to induce appellant to make the statement. This evidence is sufficient to support the finding of the suppression court that appellant made a knowing, voluntary and intelligent waiver of his rights. See *Commonwealth v. Hughes*, supra.

█ Finally, appellant argues that his conviction for murder of the third degree should be set aside because his mental state justified a degree of guilt no higher than voluntary manslaughter. Appellant asserts that he lacked mental capacity to commit murder of the third degree because he acted under the belief that the killing was in self-defense and because he did not know right from wrong or the nature and quality of his acts. A psychiatrist testified for appellant that, based upon a one hour examination conducted three months after the incident, appellant at the time of the killing was delusional, schizophrenic, paranoid and suffered from chronic alcoholism and hallucinations which caused him to kill under the mistaken belief that he was acting in self-defense.

The Commonwealth produced evidence that appellant had become involved in an argument in a bar, left and returned armed with a knife, rekindled the argument, chased the victim after the victim left the bar and stabbed him in the back. The Commonwealth witnesses stated that appellant told a bystander not to interfere and that he fled after the stabbing. One witness testified that he had noticed nothing unusual about appellant's behavior before the incident. Appellant himself testified that, at the time of the killing, he knew it was wrong to kill. We believe this evidence suffi-

cient to justify conviction for murder of the third degree. See *Commonwealth v. Hicks*, 483 Pa. 305, 396 A.2d 1183 (1979) (weight of testimony of psychiatrist).

Judgment of sentence affirmed.