J-S38039-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY J. DIVALENTINO | : | |
| | : | |
| | : | No. 1007 EDA 2022 |

Appeal from the PCRA Order Entered March 4, 2022,
in the Court of Common Pleas of Monroe County,
Criminal Division at No(s):  CP-45-CR-0000792-2010,
CP-45-CR-0000840-2010.

BEFORE:  KUNSELMAN, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY KUNSELMAN, J.:              **FILED JANUARY 24, 2023**

Anthony J. DiValentino appeals from the order granting in part and denying in part his first petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541–9546.  DiValentino, through PCRA counsel, argues that his trial counsel was ineffective for failing to object to the jury having certain photographs during deliberations.  Additionally, DiValentino has filed with this Court a *pro se* motion to remand to appoint alternate PCRA counsel.  We affirm the PCRA court's order and deny DiValentino's motion.

On March 21, 2010, DiValentino struck the victim with a shoe and his fists.  Police arrested him and charged him with simple assault and harassment at Case 792-2010.  He posted bail.  On April 22, 2010, the morning of the preliminary hearing, DiValentino held the victim at gunpoint to try to keep her from testifying against him.  Police again arrested DiValentino and charged

him with kidnapping, intimidation of a witness, recklessly endangering another person, and other offenses at Case 840-2010. On June 10, 2010, DiValentino was again released on bail, with the condition that he not contact the victim.

Four days after DiValentino's release, on June 14, 2010, he ran the victim off Interstate 84 in New York, causing her to crash. New York State police arrested DiValentino and charged him in connection with that incident. Later, New York charged DiValentino for soliciting another inmate to kill the victim. New York kept DiValentino in its custody while prosecuting him. Meanwhile, the Commonwealth repeatedly attempted to secure DiValentino's presence in Pennsylvania by means of a governor's warrant and the Interstate Agreement on Detainers (IAD), 42 Pa.C.S.A. §§ 9101–9108.

DiValentino's Pennsylvania cases went to trial from June 21 to 23, 2016, after his New York proceedings were completed. During the Commonwealth's case, it presented evidence about the New York incidents, including photographs of the victim's vehicle. Without objection, the photographs went out with the jury during deliberations. The jury acquitted DiValentino of possessing an instrument of crime and of recklessly endangering another person and convicted him of the remaining offenses. The court imposed an aggregate sentence of 156 to 312 months plus 90 days of incarceration consecutive to DiValentino's New York sentences.

This Court affirmed DiValentino's judgment of sentence on direct appeal. **Commonwealth v. DiValentino**, 2018 WL 3827259 (Pa. Super. Aug. 13, 2018) (non-precedential memorandum), *allocatur denied*, 202 A.3d 39 (Pa.

- 2 -

Feb. 13, 2019).[1]  Notably, the panel addressed DiValentino's claim that the trial court erred by allowing the jury to hear evidence about the subsequent events in New York, concluding that the trial court did not abuse its discretion. *Id.* at *4 (finding that the New York events were *res gestae* evidence).

DiValentino filed his first timely *pro se* PCRA petition on November 25, 2019, raising fifteen claims.  DiValentino and his first appointed PCRA counsel disagreed about which issues counsel would argue from DiValentino's *pro se* petition.  The PCRA court heard and granted counsel's motion to withdraw on July 23, 2020, appointing present PCRA counsel.  DiValentino and his present PCRA counsel had a similar disagreement, leading DiValentino to file a motion to proceed *pro se*.  The court held hearings on DiValentino's petition on January 22 and March 30, 2021.  At the hearings, DiValentino elected to maintain his representation with present counsel rather than proceed *pro se*.

Counsel briefed three issues before the PCRA court: (1) the harassment sentences were illegal, (2) DiValentino was entitled to additional credit for time served, and (3) trial counsel should have objected to the jury having the New York photographs during deliberations.  The PCRA court granted DiValentino's petition to change his harassment sentences from flat terms of 90 days to indefinite terms of 45 to 90 days, and it provided the requested time credit.  It denied his motion for a new trial, based on the photographs.

_____

[1] This Court directed that the parties attach a copy of Judge Mark's opinion on direct appeal "in the event of further proceedings in the matter." ***DiValentino***, 2018 WL 3827259, at *6.  This directive has not been followed.

DiValentino timely appealed.[2]  DiValentino filed a concise statement of matters complained of on appeal on May 9, 2022.  The PCRA court entered opinions on April 28 and May 19, 2022, referencing its prior opinion issued on DiValentino's PCRA petition.  On May 20, 2022, DiValentino submitted a *pro se* motion to this Court, seeking to remand for appointment of alternate PCRA counsel.  We deferred disposition of DiValentino's motion.

In his brief, DiValentino raises one issue for our review:

> Whether the PCRA court erred and abused its discretion by failing to find that trial counsel was ineffective for failing to object to the trial court sending to the jury photos which could be considered to be inflammatory in nature and which had the effect of being overly prejudicial.

DiValentino's Brief at 6 (capitalization omitted).[3]

This Court's standard of review for a PCRA ruling calls for us to "determine whether the ruling of the PCRA court is supported by the evidence and free of legal error.  The PCRA court's factual findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Webb***, 236 A.3d 1170, 1176 (Pa. Super. 2020) (citing ***Commonwealth v. Barndt***, 74 A.3d 185, 191–92 (Pa. Super. 2013)).

---

[2] DiValentino's single notice of appeal with two docket numbers violates ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018).  To the extent that ***Walker*** remains viable, ***see Commonwealth v. Young***, 265 A.3d 462 (Pa. 2021), we excuse this defect because the PCRA order referred to "an" appeal, which constitutes a breakdown in the court system, and allows us to overlook the waiver violation.  ***See Commonwealth v. Stansbury***, 219 A.3d 157, 160 (Pa. Super. 2019).

[3] The Commonwealth did not file a brief in this appeal.

> To be entitled to PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that the conviction or sentence under review was the result of one or more specifically enumerated bases, the claims have not been previously litigated or waived, and the failure to litigate the issue was not "the result of any rational, strategic or tactical decision by counsel." ***See*** 42 Pa.C.S. § 9543(2)–(4). An issue is previously litigated if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue; or it has been raised and decided in a proceeding collaterally attacking the conviction or sentence." 42 Pa.C.S. § 9544(a)(2), (3). "[A]n issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S. § 9544(b).

***Commonwealth v. Flor***, 259 A.3d 891, 902 (Pa. 2021).

> Regarding a claim that counsel was ineffective:
>
> It is well-established that to succeed on a claim asserting the of ineffective assistance of counsel, the petitioner must plead and prove, by a preponderance of the evidence, three elements: (1) the underlying claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice as a result of counsel's action or inaction. ***Commonwealth v. Pierce***, 527 A.2d 973, 975–76 (Pa. 1987). If a petitioner fails to satisfy any of the three prongs of the ineffectiveness inquiry, his claim fails. ***Commonwealth v. Brown***, 196 A.3d 130, 150–51 (Pa. 2018).

***Commonwealth v. Parrish (Parrish II)***, 273 A.3d 989, 1003 n.11 (Pa. 2022) (citation formatting altered).

DiValentino argues that trial counsel was ineffective for failing to object to the jury having photographs of the victim's crashed car from the New York incident during its deliberations. DiValentino's Brief at 12. He reasons that these photographs reminded the jury not of the crimes charged in Pennsylvania, but that DiValentino was a bad person. ***Id.*** Because trial

counsel never objected, the court was not presented with the opportunity to exercise its discretion to determine whether the jury would have this evidence. *Id.* at 13. DiValentino indicates that trial counsel did not provide a strategic basis for this failure, and none appears. *Id.* at 14. He therefore requests that this Court grant his PCRA petition and remand for a new trial. *Id.* at 15.

The PCRA court first concluded that DiValentino's claim was an attempt to relitigate the issue that this Court had decided during DiValentino's direct appeal under Pennsylvania Rule of Evidence 404(b). PCRA Court Opinion, 3/2/22, at 13–14. On the merits, the PCRA court concluded that DiValentino did not meet his burden to prove that trial counsel was ineffective:

> [D]espite [DiValentino's] assertions to the contrary, the photographs were not "inflammatory." There is no question that [DiValentino's] actions in Pennsylvania and New York, especially when viewed as part of a continuum, were shocking. However, the photographs do not depict a bloody or gory scene or other images of the type that might be considered unduly prejudicial. This assessment is borne out by the fact that [DiValentino] in his brief [to the PCRA court] innocuously describes the exhibits as "photos of damage to a motor vehicle allegedly caused by [his] assault on the same victim as the Monroe County case." Simply, the photographs were not by themselves evidence that would inflame the minds and passion of the jury. This is especially true when the photographs are viewed in context and in light and as part of the history of these cases - a history written by [DiValentino] himself.

> Relatedly, neither the admission of the photographs nor allowing them to go out with the jury constituted an error or an abuse of discretion.

> The admission or exclusion of evidence is a matter within the discretion of the trial court. *Commonwealth v. Dillon*, 863 A.2d 597[, 600] (Pa. Super. 2004) (*en banc*), *aff'd*, 925 A.2d 131 (Pa. 2007). The jury may consider all evidence that is admitted in reaching its verdict. However[,] there are rule-based and

- 6 -

discretionary limits on the evidence and other materials that may be sent out with the jury. In this regard, Pa.R.Crim.P. 646, entitled "Material Permitted in Possession of the Jury," provides that:

(A) Upon retiring, the jury may take with it such exhibits as the trial judge deems proper, except as provided in paragraph (C).

* * *

(C) During deliberations, the jury shall not be permitted to have:

(1) a transcript of any trial testimony;

(2) a copy of any written or otherwise recorded confession by the defendant;

(3) a copy of the information or indictment; and

(4) except as provided in paragraph (B), written jury instructions.

As Rule 646(A) suggests, the determination of what exhibits may go out with the jury during deliberations, like the determination of what evidence is admissible during the evidentiary portion of trial, is a matter within the discretion of the trial court. *Commonwealth v. Haney*, 131 A.3d 24[, 38–39] (Pa. 2015). Such [a] discretionary determination may be reversed only upon a showing of a clear abuse of discretion. "An abuse of discretion 'is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will, as shown by the evidence of record, discretion is abused.' " *Id.* at 39 (quoting [*Commonwealth v. Rucci*, 670 A.2d 1129, 1141 (Pa. 1996)]).

In this case, for the reasons articulated in the [trial court's opinion on direct appeal], the photographs were admissible under multiple Rule 404(b) exceptions and on several other evidentiary bases. Additionally, as discussed in this Opinion, the photographs were not unduly prejudicial or inflammatory. Finally, the photographs did not contain any of the material precluded from going out with the jury under Rule 646(C). Thus, the photographs were properly sent out with the jury.

> Simply, the referenced photographs were admissible and it was proper to send them out with the jury. There is no merit to [DiValentino's] claim that the jury should not have been permitted to review the photographs during deliberations. Since counsel cannot be ineffective for failing to raise a meritless claim, [DiValentino's] ineffectiveness claim fails.

*Id.* at 14–16 (record citation omitted).

First, we note that DiValentino's issue in this PCRA appeal has not been previously litigated. On direct appeal, the relevant issue was the admission at trial of all "the New York events." *DiValentino*, 2018 WL 3827259, at *4. Appellate counsel explained that she referred to "all of the evidence from anything that happened outside of" Pennsylvania. N.T., 3/30/21, at 26. Although this includes the admissibility at trial of the photographs of the victim's car, it does not address whether those photographs should have gone out with the jury during deliberations. Because this Court did not address this issue, it was not previously litigated under 42 Pa.C.S.A. §§ 9543(a)(3) and 9544(a). Further, this claim is not waived because DiValentino appropriately waited until collateral review to raise his ineffectiveness claim. 42 Pa.C.S.A. § 9544(b); *see Commonwealth v. Grant*, 813 A.2d 726, 738 (Pa. 2002), *supplanted in part by Commonwealth v. Bradley*, 261 A.3d 381 (Pa. 2021) (holding generally that a defendant should wait to raise ineffectiveness claims until collateral review, even if he has different appellate counsel).

On the merits, the PCRA court's substantive ruling is supported by the evidence and free of legal error. We agree that DiValentino has not shown arguable merit to his claim that the photographic evidence of the victim's car should not have gone out with the jury during deliberations. Furthermore,

DiValentino has not proven that trial counsel's failure to object prejudiced him. **See Commonwealth v. Barnett**, 50 A.3d 176, 196 (Pa. Super. 2012) (finding no prejudice where evidence that went out with the jury was not the only piece of evidence in the jury's possession, was not similar to evidence prohibited under Rule 646, and was not so inflammatory to keep the jury from rationally evaluating the evidence and reaching a reasoned verdict). Therefore, we affirm the PCRA court's denial of this claim from DiValentino's PCRA petition.

We next address DiValentino's motion before this Court to remand for appointment of alternate PCRA counsel.[4] DiValentino cites **Commonwealth v. Parrish (Parrish I)**, 224 A.3d 682 (Pa. 2020), which held Parrish's PCRA counsel to be ineffective *per se* for filing a vague Rule 1925(b) that waived all issues for appellate review. DiValentino complains that PCRA counsel did not maintain communication with him and abandoned issues without submitting a letter pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). Instead, DiValentino states that PCRA counsel filed the instant appeal without consulting with him and without seeking the PCRA court's review of all his desired issues. He concludes that he has been deprived of the right to effective assistance of PCRA counsel, which is enforceable as announced in

---

[4] In his motion, DiValentino cites Pennsylvania Rule of Appellate Procedure 121(g), which allows a represented party to file "a request to change or remove counsel" *pro se*. *Pro se* Application to Remand, 5/20/22, at 1.

***Bradley***, 261 A.3d 381. DiValentino therefore requests a new attorney to either present his desired issues in court or file a ***Turner***/***Finley*** letter.

In his advocate's brief, PCRA counsel explains that he had "prepared a modified Petition, incorporating [DiValentino's] PCRA averments to the extent that they had not been previously vetted through [DiValentino's] previous appellate actions." DiValentino's Brief at 8. At the PCRA hearings, "[w]hile [DiValentino] did not agree with all of counsel's determinations of which issues remained unextinguished, he opted to have counsel move forward with representation through the remainder of the PCRA process rather than return to *pro se* representation." DiValentino's Brief at 8.

A PCRA petitioner has a rule-based right to the effective assistance of counsel on his first PCRA petition. Pa.R.Crim.P. 904(C) ("Except [for death penalty cases], when an unrepresented defendant satisfies the judge that the defendant is unable to afford or otherwise procure counsel, the judge shall appoint counsel to represent the defendant on the defendant's first petition for post-conviction collateral relief."); ***see Bradley***, 261 A.3d at 391–92 (explaining that the procedural rule provides for an enforceable right to effective assistance of PCRA counsel). This right lasts through the appellate process. ***Commonwealth v. Robinson***, 970 A.2d 455, 457 (Pa. Super. 2009) (*en banc*).

A defendant who is represented by appointed counsel is not entitled to counsel of his choice. ***Commonwealth v. Moore***, 633 A.2d 1119, 1125 (Pa. 1993) (citing ***Commonwealth v. Johnson***, 236 A.2d 805 (Pa. 1968)). For a

defendant who is represented by appointed counsel, a court cannot grant a motion for change of counsel "except for substantial reasons." Pa.R.Crim.P. 122(C); *see also Commonwealth v. Keaton*, 45 A.3d 1050, 1070 (Pa. 2012) (providing that the decision of whether to appoint new counsel is a discretionary determination).

Our Supreme Court held in *Bradley* that a criminal defendant may "raise claims of ineffective assistance of [PCRA] counsel at the first opportunity to do so, even when on appeal." *Bradley*, 261 A.3d at 401. That is, "a PCRA petitioner may, after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." *Id.*

When a court appoints counsel to represent a PCRA petitioner, appointed counsel generally has a duty "to either (1) amend the petitioner's *pro se* Petition and present the petitioner's claims in acceptable legal terms, or (2) certify that the claims lack merit by complying with the mandates of *Turner/Finley*." *Commonwealth v. Cherry*, 155 A.3d 1080, 1083 (Pa. Super. 2017) (citing *Commonwealth v. Powell*, 787 A.2d 1017 (Pa. Super. 2001)). In a case where counsel pursued certain claims and rejected others, we evaluate a challenge to this choice by evaluating the rejected claims to see whether counsel was ineffective for rejecting them. *Commonwealth v. Albrecht*, 720 A.2d 693, 701 (Pa. 1998) (citing *Commonwealth v. Travaglia*, 661 A.2d 352, 367–68 (Pa. 1995)).

Here, DiValentino raised his claim that PCRA counsel was ineffective at the first opportunity, by submitting a *pro se* letter to this Court.[5] **Bradley**, 261 A.3d at 401. Based on the thoroughly developed record, we will review this matter immediately rather than remand for further development in the PCRA court. **Id.** at 402. We will address all fifteen claims that DiValentino presented in his *pro se* petition and supplemental list to determine whether PCRA counsel was ineffective for failing to argue them before the PCRA court and this Court. **Albrecht**, 720 A.2d at 701.[6] Where appropriate, the claims summarized below include layered claims of trial and appellate counsel's ineffectiveness.

1. The trial court lacked jurisdiction over Case 792-2010 because the district attorney waived prosecution by not seeking DiValentino's extradition at this docket number. *Pro se* petition, 11/25/19, at 8–11.

2. The trial court lacked jurisdiction for the harassment charge at Case 840-2010 because the district attorney waived prosecution by not seeking DiValentino's extradition for this charge. *Pro se* petition, 11/25/19, at 12–14.

DiValentino's first two claims rely on a theory that the Commonwealth's failure to secure a detainer at both docket numbers and for both offenses

_____

[5] DiValentino also alleged to the PCRA court that his appointed PCRA attorneys were ineffective. Motion to Enforce the Right to Counsel on PCRA, 6/12/20; Addendum, 6/22/20 (former counsel); Pro se Motion to Waive Counsel and Proceed pro se on PCRA, 12/14/20; Petition to Apply an Administrative Hold on the Resolution of the Pending PCRA, 4/22/22 (current counsel).

[6] We reject DiValentino's suggestion in his petition that counsel's ineffectiveness *per se* in a different case implies anything about counsel's stewardship in this case.

deprived the trial court of jurisdiction to prosecute him. However, a violation of the IAD does not deprive the trial court of jurisdiction. *See McCandless v. Vaughn*, 172 F.3d 255, 263–64 (3d Cir. 1999) (citing *Cooney v. Fulcomer*, 886 F.2d 41 (3d Cir. 1989)) (holding that the Court of Common Pleas had personal and subject matter jurisdiction over a defendant despite his prosecution on an offense not related to the detainer over him). Furthermore, a defendant is not entitled to reversal for such a violation except in cases of actual prejudice. *Commonwealth v. Boyd*, 679 A.2d 1284, 1289 (Pa. Super. 1996) (citing *Kotteakos v. United States*, 328 U.S. 750 (1946)) (finding no prejudice because the Commonwealth could have obtained the defendant's presence on the other charges through another detainer).

Here, the trial court's jurisdiction did not depend on the Commonwealth's detainer; rather, the trial court had jurisdiction over all charges stemming from DiValentino's Pennsylvania crimes. 42 Pa.C.S.A. § 931(a); 18 Pa.C.S.A. § 102(a). Because the Commonwealth's detainer actions did not deprive the trial court of jurisdiction, these claims lack arguable merit. PCRA counsel was not ineffective for forgoing these meritless claims. *Commonwealth v. Philistin*, 53 A.3d 1, 10 (Pa. 2012) (citing *Commonwealth v. Jones (Jones II)*, 912 A.2d 278 (Pa. 2006)) ("Counsel cannot be deemed ineffective for failing to raise a meritless claim.").

3. Prosecuting DiValentino after the statute of limitations had passed violated his due process and speedy trial rights. *Pro se* petition, 11/25/19, at 15–20.

- 13 -

DiValentino's third claim was previously litigated. **DiValentino**, 2018 WL 3827259, at *2–3. Therefore, PCRA counsel was not ineffective for failing to present it to the PCRA court. **See Commonwealth v. Bridges**, 886 A.2d 1127, 1132 (Pa. 2005) (rejecting as meritless a claim of ineffectiveness premised on a previously litigated claim).

4. Because the jury acquitted DiValentino of possessing an instrument of crime (and reckless endangerment), the evidence was insufficient to establish that he was guilty of eight other offenses. *Pro se* petition, 11/25/19, at 21–25.

DiValentino's fourth claim is premised on his acquittal for possessing an instrument of crime, where the Commonwealth had claimed that DiValentino used a firearm to threaten the victim. However, none of the remaining offenses have the possession or use of a firearm as an element. Even if they did, an inconsistent verdict is not a basis for reversal. **Commonwealth v. Barnes**, 167 A.3d 110, 120 (Pa. Super. 2017) (*en banc*) (citing **Commonwealth v. States**, 938 A.2d 1016, 1025 (Pa. 2007), and **Commonwealth v. Petteway**, 847 A.2d 713, 718 (Pa. Super. 2004)). PCRA counsel was therefore not ineffective for failing to present this meritless claim to the PCRA court. **Philistin**, **supra**.

5. The evidence was insufficient to prove that the victim suffered a specific and identifiable harm, as needed for the retaliation charge, and the jury instruction omitted this definition of harm. *Pro se* petition, 11/25/19, at 26–28.

DiValentino's fifth claim concerns his conviction for retaliation, which a person commits "if he harms another by any unlawful act or engages in a course of conduct or repeatedly commits acts which threaten another in

retaliation for anything lawfully done in the capacity of witness, victim, or party in a civil matter." 18 Pa.C.S.A. § 4953(a). Under the first portion of this statute, the Commonwealth must prove both harm and an unlawful act. ***Commonwealth v. Ostrosky***, 909 A.2d 1224, 1231–33 (Pa. 2006). "Harm" means "some objective type of harm" beyond mere "feelings of concern and intimidation" from a threat. ***Id.*** at 1233.

Here, the trial court's jury instruction comported with the plain language of Section 4953(a). We decline to graft an additional requirement to further instruct the jury on the holding of ***Ostrosky***, which simply relied on the statutory text. ***Id.*** at 1231–32. Furthermore, the jury was also instructed as to the second portion of the statute, under which the Commonwealth must prove a course of conduct or repeated acts that threaten the victim. ***Id.*** at 1232–33 (holding that "multiple threats are necessary" to secure a conviction under this portion). The trial evidence included DiValentino's month-long campaign of threatening the victim to tell her not to testify in addition to holding her at gunpoint for an hour. This constitutes a course of conduct consisting of multiple threats, which is sufficient under this portion of the statute. Because DiValentino's claim is meritless, PCRA counsel was not ineffective for failing to litigate it. ***Philistin***, ***supra***.

> 6. The trial court violated DiValentino's right to a fair trial by allowing the Commonwealth to reference the New York evidence in its opening statement. *Pro se* petition, 11/25/19, at 29.

- 15 -

DiValentino's sixth claim challenges the references to the New York evidence in the prosecutor's opening statement. A prosecutor's opening statement is limited to "fair deductions from the evidence which he in good faith plans to introduce and not mere assertions designed to inflame the passions of the jury." **Commonwealth v. Jones (Jones I)**, 610 A.2d 931, 938 (Pa. 1992) (citing **Commonwealth v. Hughes**, 383 A.2d 882, 886 (Pa. 1978)). Because the opening statement here referenced evidence that the prosecutor intended to introduce, which was later properly introduced, it did not violate DiValentino's right to a fair trial, and PCRA counsel was not ineffective for forgoing this claim. **Philistin**, **supra**.

> 7. Because DiValentino was not prosecuted within the 120 days required by the IAD, his Pennsylvania cases should be vacated and dismissed. *Pro se* petition, 11/25/19, at 51–54.

DiValentino's seventh claim implicates the rule under the IAD that "trial shall be commenced within 120 days of the arrival of the prisoner in the receiving state." 42 Pa.C.S.A. § 9101, Art. IV(c). "[F]or good cause shown in open court, the prisoner or his counsel being present, the court having jurisdiction of the matter may grant any necessary or reasonable continuance." **Id.**; **see Commonwealth v. Montione**, 673 A.2d 923, 924–26 (Pa. Super. 1996) (holding that the 120-day time limit is tolled while the defendant's pre-trial motions are pending, regardless of how long the trial court takes to resolve them).

Here, DiValentino recites that he arrived in Pennsylvania "on or about October 7, 2015," and therefore should have been tried before February 5,

2016. *Pro se* petition, 11/25/19, at 52. He faults trial counsel for having "tried feebly to litigate this issue" before trial commenced on June 21, 2016, 258 days after his arrival. *Id.* at 54. A review of the record reveals that DiValentino had motions pending during most of this time. *See* Motion to Bar Commonwealth's Use of 404(b) Evidence, filed 6/22/15, resolved 2/25/16; Motion *in Limine* to Preclude Use of Illegally Obtained Voice Recordings, filed 3/28/16, resolved 5/31/16; Motion for *Habeas Corpus* Relief, filed 4/15/16, resolved 5/31/16. Therefore, the 120-day limit was tolled, regardless of the Commonwealth's motion to extend it. *Montione*, *supra*. Because this claim is meritless, PCRA counsel was not ineffective for failing to litigate it. *Philistin*, *supra*.

> 8. The sentencing court imposed an illegal flat 9-month sentence. *Pro se* petition, 11/25/19, at 55–56.
>
> 9. DiValentino sought an accounting of time credit. *Pro se* petition, 11/25/19, at 57–58.

PCRA counsel presented DiValentino's eighth and ninth claims to the PCRA court, and the court resentenced DiValentino based on these claims. PCRA counsel cannot be ineffective for obtaining relief on these bases.

> 10. The sentencing court applied a weapon enhancement despite the acquittal for possessing an instrument of crime. *Pro se* petition, 11/25/19, at 59–62.

DiValentino's tenth claim was previously litigated on direct appeal. *DiValentino*, 2018 WL 3827259, at *6–7. Therefore, PCRA counsel was not ineffective for failing to present it to the PCRA court. *Bridges*, *supra*.

- 17 -

11. Allowing the jury to have the photographs of the car in New York violated DiValentino's right to a fair trial. *Pro se* petition, 11/25/19, at 63–65.

PCRA counsel fully litigated DiValentino's eleventh claim before the PCRA court and this Court as described above. We do not find PCRA counsel to be ineffective for this advocacy.

12. The evidence was insufficient to establish kidnapping, or the statute is unconstitutionally vague, because there was no evidence that the victim was confined "in a place of isolation." *Pro se* petition, 11/25/19, at 66–68.

DiValentino's twelfth claim was previously litigated. ***DiValentino***, 2018 WL 3827259, at *5–6. Therefore, PCRA counsel was not ineffective for failing to present it to the PCRA court. ***Bridges***, ***supra***.

13. DiValentino's consecutive sentences for crimes based on a single act violate the Double Jeopardy clauses. *Pro se* petition, 11/25/19, at 69–71.

DiValentino's thirteenth claim challenges his consecutive sentences stemming from a single act. He asserts that, removing any offenses predicated on his gun, the remaining evidence is "a single act of intemperate speech," which he states is constitutionally protected. *Pro se* petition, 11/25/19, at 70. However, as in DiValentino's fourth claim, the convictions are valid despite the acquittal for possessing an instrument of crime. ***Barnes***, ***supra***. Further, imposing consecutive sentences for offenses with distinct statutory elements is not a double jeopardy violation. ***Commonwealth v. Baldwin***, 985 A.2d 830, 835–36 (Pa. 2009). Because DiValentino's thirteenth claim is meritless, PCRA counsel was not ineffective for failing to pursue it. ***Philistin***, ***supra***.

- 18 -

14. The trial court should have declared a mistrial because the New York evidence "violated *ex post facto* prohibitions." *Pro se* petition, 11/25/19, at 72–74.

DiValentino's fourteenth claim challenges the effect of the New York evidence at his trial. On direct appeal, we affirmed the trial court's exercise of discretion in allowing this *res gestae* evidence under Rule 404(b)(2). ***DiValentino***, 2018 WL 3827259, at *4. Such evidence is not limited to other acts that occurred before the crimes being tried. ***See, e.g.***, ***Commonwealth v. Kinard***, 95 A.3d 279, 285 & n.3 (Pa. Super. 2014) (affirming admission of prison phone calls made after the crime, which showed the chain of events and course of criminal conduct). It is not an *ex post facto* violation to admit evidence pursuant to an evidentiary rule, even if the rule at the time of the offense would not have allowed for the admission of such evidence. ***Commonwealth v. Allshouse***, 36 A.3d 163, 186–87 (Pa. 2012) (citing ***Thompson v. Missouri***, 171 U.S. 380, 386–88 (1898)). Because the New York evidence was properly admitted at DiValentino's trial and did not violate the United States or Pennsylvania *ex post facto* clauses, PCRA counsel was not ineffective for failing to advance this meritless claim. ***Philistin***, ***supra***.

15. The trial court lacked jurisdiction over the kidnapping charges because the Commonwealth improperly reinstated them after agreeing to remove them in exchange for DiValentino waiving his preliminary hearing. *Pro se* motion to amend/supplement the PCRA filed, 8/17/20, at 2–3.

DiValentino moved to add his final claim after counsel was appointed. He states that he agreed to waive his preliminary hearing in exchange for the Commonwealth removing his kidnapping charges, only for those charges to

be reinstated. DiValentino contends that the trial court lacked jurisdiction over those charges because the Commonwealth failed to follow Pennsylvania Rule of Criminal Procedure 544 when it reinstated them. However, the Commonwealth's failure to follow the provisions of Rule 544 does not deprive the trial court of subject matter jurisdiction. **Commonwealth v. Jones**, 929 A.2d 205, 211–12 (Pa. 2007). Therefore, this claim is meritless, and PCRA counsel was not ineffective for failing to argue it. **Philistin**, **supra**.

DiValentino's PCRA counsel ultimately presented three issues before the PCRA court. Counsel obtained relief on two of these issues and has fully litigated the third issue before this Court in this appeal. The remaining claims that DiValentino faults PCRA counsel for not raising have been previously litigated, are meritless, or would not otherwise entitle DiValentino to relief. Therefore, PCRA counsel was not ineffective for failing to pursue these claims before the PCRA court or in this appeal. Accordingly, we find no substantial reason to remand for the appointment of alternate PCRA counsel. Pa.R.Crim.P. 122(C).

Order affirmed. Motion to remand for appointment of alternate PCRA counsel denied. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>1/24/2023</u>